UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL MARTIN,

      Plaintiff,

 v.

TRACY SCHNEIDER, *et al.*,

      Defendants.

Case No. C24-5899-LK-MLP

REPORT AND RECOMMENDATION

   Plaintiff Michael Martin is in the custody of the Washington Department of Corrections ("DOC") and is currently confined at the Coyote Ridge Corrections Center ("CRCC") in Connell, Washington. He has presented to this Court for filing a civil rights action under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*. (Dkt. ## 1, 1-1.) Plaintiff alleges in his complaint violations of his constitutional rights arising out of alleged interference by CRCC mailroom staff with incoming and outgoing mail, specifically involving correspondence with, and disability checks from, the Veteran's Administration. (*See* dkt. # 1-1.) Plaintiff complains about the way in which his mail was handled at CRCC, the way in which his grievances were addressed by CRCC and DOC headquarters staff, and the manner in which the Office of the Corrections Ombuds addressed his complaint regarding his mail issues. (*See id.*)

REPORT AND RECOMMENDATION - 1

Plaintiff identifies the following defendants in his complaint: Tracy Schneider, DOC Corrections Manager; Jeffrey Uttecht, DOC Deputy Assistant Secretary; Carianne Shuster, CRCC Resolution Coordinator; Daniel Hollibaugh, CRCC Mailroom Lieutenant; John Turner, CRCC Mailroom Sergeant; Victoria Doan, CRCC Mail Processing Driver; Caitlin Robertson, Director of the Office of Corrections Ombuds; Angee Schrader, Lead Assistant Ombuds; and Miranda Vinson, Ombuds Early Resolution Specialist. (Dkt. # 1-1 at 2-4.) Plaintiff seeks $650 million in damages. (*Id*. at 14.) The Court has not addressed Plaintiff's application to proceed *in forma pauperis*, nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). Additionally, 28 U.S.C. § 1404(a) allows the district court to transfer a case to "any other district or division where it may have been brought" for the "convenience of parties or witnesses" or "in the interest of justice."

Here, it is clear from Plaintiff's proposed complaint that his claims relate to mail processing issues that originated at CRCC. (Dkt. # 1-1.) CRCC is located in Franklin County,

REPORT AND RECOMMENDATION - 2

Washington, which is in the Eastern District of Washington. *See* 28 U.S.C. § 128(a). While Plaintiff names some defendants who presumably reside in the Western District of Washington, it appears that a substantial part of the events giving rise to Plaintiff's claims occurred at CRCC and involved CRCC employees who presumably reside in the Eastern District of Washington. It further appears that Plaintiff has not clearly stated viable claims for relief under § 1983 against all of the named defendants, in particular those who appear to reside in the Western District of Washington. (*See* dkt. # 1-1.)

For these reasons, this Court concludes that, while venue may be proper in both the Western and Eastern Districts of Washington, the interests of justice require this matter to be transferred to the Eastern District of Washington. *See* 28 U.S.C. § 1404(a). Accordingly, the Court recommends that this case be transferred to the Eastern District of Washington. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 13, 2024**.

DATED this 22nd day of November, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3